**Opinion issued November 8, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-16-00486-CR**

————————————

**MAURICIO IZAGUIRRE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 179th District Court
Harris County, Texas
Trial Court Case No. 1341419

## MEMORANDUM OPINION

Appellant, Mauricio Izaguirre, pleaded guilty to the first-degree felony offense of murder, without an agreed punishment recommendation, pending a pre-sentence investigation report. [1] Following a pre-sentencing investigation report and

---

[1]    *See* TEX. PENAL CODE ANN. § 19.02(b)(1), (c) (West Supp. 2016).

hearing, the trial court assessed appellant's punishment at thirty-five years' confinement on April 4, 2016. This sentence is within the applicable range.[2] The trial court certified appellant's right of appeal because this was not a plea-bargain case and appellant had a right of appeal as to punishment. *See* TEX. R. APP. P. 25.2(a)(2)(B). Appellant filed his pro se notice of appeal on June 1, 2016. We dismiss this appeal for want of jurisdiction.

A criminal defendant's notice of appeal must be filed within thirty days after the sentence is imposed, if the defendant has not filed a motion for new trial. *See* TEX. R. APP. P. 26.2(a)(1). An appellant may obtain an extension by filing both the notice of appeal in the trial court and a motion for extension of time in the appellate court within fifteen days after the deadline passes. *See id.* 26.3.

A notice of appeal that complies with the requirements of rule 26 is essential to vest the court of appeals with jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. *See Slaton*, 981 S.W.2d at 210.

Here, the trial court signed appellant's judgment of conviction on April 4, 2016, and imposed the sentence on that date. Appellant did not timely file a motion

---

[2]     *See* TEX. PENAL CODE ANN. § 12.32(a) (West Supp. 2016).

for new trial or an extension of time to file a notice of appeal, making his notice of appeal due by May 4, 2016. *See* TEX. R. APP. P. 26.2(a)(1), 26.3. Appellant's notice of appeal was not filed until June 1, 2016, fifty-eight days after the judgment was signed. *See id.* 26.2(a)(1). Thus, under these circumstances, we can take no action other than to dismiss this appeal for want of jurisdiction. *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 526.

Accordingly, we **withdraw** this Court's July 19, 2016 Order and **dismiss** this appeal for want of jurisdiction.[3] *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Higley, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[3] This Court's July 19, 2016 Order had abated this case for the appointment of counsel before this Court discovered that the pro se notice of appeal was untimely. However, we note that appellant is not without a remedy and may file a writ of habeas corpus in the trial court, made returnable to the Texas Court of Criminal Appeals, seeking leave to file an out-of-time appeal. *See, e.g.*, *Ex parte Parodi*, PD-1740-11, 2012 WL 669981, at *1 (Tex. Crim. App. Feb. 29, 2012) (not designated for publication) (noting "Article 11.07 writ practice of granting an out-of-time appeal when either the appellate attorney fails to properly file a notice of appeal or when there is a breakdown in the system that prevents the filing of a proper notice of appeal") (internal quotation marks and citations omitted).